UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURA HIMES-RUETH, DIANE
VALENTIN, and TRACEY ROBERTS,

    Plaintiffs,

v.

RAUL MARRERO, JR.,
in his individual capacity,

    Defendant.
_____/

Case No. _____

**Jury Trial Demanded**

## **COMPLAINT**

Plaintiffs Laura Himes-Rueth, Diane Valentin and Tracey Roberts, by and through their undersigned attorneys, file this Complaint and sue Raul Marrero, Jr. for state-law claims and violation of Plaintiffs' constitutionally protected rights under the Fourteenth Amendment to the United States Constitution due to the sexual assaults upon Plaintiffs while they were in Marrero's custody and care.

### **Jurisdiction & Venue**

1. Plaintiffs bring this action pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of civil rights under the Fourteenth Amendment to the United States Constitution.

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b), this being the district where the claim arose and where Defendant conducts business.

4. All conditions precedent to this lawsuit, including exhaustion of administrative remedies, have occurred, been performed, or been waived.

## **Parties**

5. At all times pertinent hereto, Plaintiff Laura Himes-Rueth has been a resident of Hernando County, Florida. The incidents alleged herein occurred, in part, in Hernando County and she is, thus, *sui juris*.

6. At all times pertinent hereto, Plaintiff Diane Valentin has been a resident of Hernando County, Florida. The incidents alleged herein occurred, in part, in Hernando County and she is, thus, *sui juris*.

7. At all times pertinent hereto, Plaintiff Tracey Roberts has been a resident of Hernando County, Florida. The incidents alleged herein occurred, in part, in Hernando County and she is, thus, *sui juris*.

8. At all times material to this lawsuit, Plaintiffs were in the custody, control and care of the Florida Department of Corrections (FDOC) while on probation. At the time of filing this lawsuit, Plaintiffs are not "prisoners" as that term is defined by the Prison Litigation Reform Act.

9. At all times pertinent hereto, Defendant Raul Marrero, Jr., in his individual capacity, was a resident of the State of Florida and was employed by FDOC. He is otherwise *sui juris*. At all times material, Defendant was an FDOC probation officer assigned to Plaintiffs and was at all times material hereto acting under color of state law.

**Factual Allegations**

10. Defendant was hired by FDOC to serve as a probation officer. In that role, he was required to, among other things, "[m]onitor offenders through field contacts at their residence, employment sites and other locations in the community."

11. Plaintiff Himes-Rueth was on probation from February 2021 through August 2021 with the FDOC.

18. During her probation, Himes-Rueth was supervised, monitored, and/or controlled by Defendant, who was her assigned probation officer, while he was employed by FDOC.

19. Over the course of her probation, Defendant behaved inappropriately, often showing up at Himes-Rueth's home late in the evening and at times he knew she was alone.

20. While in Himes-Rueth's home, Defendant would hug Himes-Rueth and grab her buttocks without her consent.

21. Even after Defendant was no longer her probation officer, he showed up unannounced to Himes-Rueth's home prior to a court hearing Himes-Rueth was getting ready to attend in August 2021. Defendant forced his way into Himes-Rueth's home and then into her bedroom and told her he was there to make sure she was dressed appropriately for her hearing. He followed her into her closet to inspect what she was wearing and blocked the door with his body, effectively cutting off her avenue of escape. On this date, Defendant kissed her again and grabbed her buttocks, all without her consent.

22. On another occasion, Defendant appeared at Himes-Rueth's home and the door was answered by her minor child, who had been trained not to admit

strangers to the home. When the child stated they would alert their mother to Defendant's presence, he chastised the child and insisted on immediate admittance, frightening the minor child and violating basic common-sense instructions universally provided to children about admitting strangers into their home.

23. Plaintiff Diane Valentin was placed on probation in or about August 2021.

24. Defendant was assigned to Valentin even though he was assigned to monitor probationers on house arrest only and Valentin was not on house arrest. Defendant explained that the reason he was assigned to her was that FDOC wanted her to fail, and that Defendant was strict.

25. During her probation, Valentin was supervised, monitored, and/or controlled by Defendant, while he was employed by FDOC.

26. When Valentin met with Defendant in his office, she was uncomfortable based on his behavior. For example, he would play music to Valentin, extend meetings well past their scheduled time to try to talk to her about himself and compliment her figure and body. Every time Valentin would leave his

office, Defendant would hug her and put his hands on her buttocks without her consent.

27. When Defendant would come to Valentin's home, sometimes after midnight, and he would try to go into Valentin's bedroom. Her parents would tell Defendant that they would get Valentin for him so that he wouldn't go in. On one occasion, Defendant asked Valentin why she was not out at the clubs meeting guys.

28. On December 31, 2021, Defendant came to Valentin's home at 1:30 a.m. Again, he asked to come inside Valentin's room and her parents told him they would get Valentin to come outside. Defendant followed Valentin's father into the living room and told her father to wait there. He then went to Valentin and asked her to go outside. Defendant pushed Valentin up against the wall and began fondling her body and kissing her neck without her consent. Valentin's mother witnessed this event and told Defendant that she was going to have him arrested. Defendant left.

29. Plaintiff Tracey Roberts was placed on probation in July 2021. During her probation, Roberts was supervised, monitored, and/or controlled by

6

Defendant, who was her assigned probation officer, while he was employed by FDOC.

30. While assigned to Defendant, Defendant told Roberts that "nobody is going to get that butt, you need to put it in a frame when you die and send it to me" and referred to her as his "Hot Salsa Queen." He told her that they could not be together because of his employment as her probation officer. Roberts did not tell Defendant to stop making these comments because she was afraid that he would send her back to jail.

31. From time to time, Defendant would come to Roberts's home. On one occasion, while standing at his car speaking to him, Defendant brushed his hand against her breast, to which she responded: "don't do that." He continued to touch her breasts and would also pinch her buttocks when he came to see her on other occasions, all without her consent.

32. In November 2021, Defendant came to see Roberts and visited her for two hours. He kissed her on her forehead, rubbed her arm and her rib area and tried to reach under clothing, all without her consent. Roberts slapped him and told him: "Don't." On another occasion, Defendant came to Roberts's home at 3:00 a.m. and told her she was beautiful.

33. Roberts reported Defendant to FDOC and the Hernando County Sheriff's Office.

34. Himes-Rueth and Valentin also came forward.

35. As a result of Defendant's sexual assault and battery on Plaintiffs, he was charged with three counts of misdemeanor battery related to what he did to Plaintiffs. On April 18, 2024, Defendant Marrero, Jr. pleaded no contest to those crimes against Plaintiffs and was sentenced to a term of incarceration.

## COUNT I – Violation of Federal Constitutional Rights
### (against Raul Marrero, Jr.)

Plaintiffs re-allege paragraphs 1 through 35 and incorporate them fully herein.

36. Defendant Raul Marrero, Jr., acting under color of state law and/or local law, ordinances, policies, customs and usages of the State of Florida and the FDOC, deprived and violated Plaintiffs' respective federally secured constitutional rights including their right to be secure in their person and their substantive due process rights during their respective periods of probation and supervision by FDOC.

37. Defendant Raul Marrero, Jr., with deliberate indifference to Plaintiffs' constitutional rights, sexually assaulted Plaintiffs by forcing each to engage in

inappropriate and unlawful kissing and touching when each was his probationer through FDOC.

38. Defendant Raul Marrero, Jr. misused and abused the official power granted to him by FDOC in the performance of his official duties by assaulting numerous female probationers, including Plaintiffs.

39. As a direct and proximate result of Defendant Raul Marrero, Jr.'s sexual assault of Plaintiffs in violation of 42 U.S.C. § 1983, each Plaintiff was deprived of rights, privileges and immunities afforded to her by the U.S. Constitution and the Bill of Rights including her right to be secure in her person and her substantive due process rights.

40. As a direct and proximate result of the acts of Defendant Raul Marrero, Jr., which were performed under color of state law and in violation of Plaintiffs' rights, Plaintiffs were sexually assaulted, and suffered extreme emotional, mental, and psychological injury, and physical pain, embarrassment, humiliation, anguish, and disgrace. The psychological injury will continue to occur in the future. Plaintiffs have retained legal counsel to represent them in this matter to whom they must pay a reasonable attorney's fee.

WHEREFORE, Plaintiffs demand judgment against Defendant Raul Marrero, Jr. for compensatory damages, punitive damages, costs, attorneys' fees and such other relief as this Court deems just and proper.

### **COUNT II – Assault and Battery**
**(against Raul Marrero, Jr.)**

Plaintiffs re-allege paragraphs 1 through 35 and incorporate them fully herein.

41.     Defendant Raul Marrero, Jr., with force and against the consent of each of the Plaintiffs, assaulted and battered each Plaintiff, and when doing so intended to cause and did cause Plaintiffs to suffer apprehension of immediate harmful contact as well as actual harmful contact.

42.     In committing sexual assault and battery on Plaintiffs, Defendant Marrero, Jr. acted willfully, maliciously, and without any excuse of justification. Through his actions, Defendant Marrero, Jr. disregarded the safety and well-being of the very individuals he was entrusted to monitor.

43.     As a direct and proximate result of Defendant Marrero, Jr.'s sexual assault and battery of Plaintiffs, each Plaintiff suffered extreme emotional, mental, and psychological injury and physical pain, embarrassment, humiliation, anguish, and disgrace. The psychological injury will continue to occur in the future.

Plaintiffs have retained legal counsel to represent them in this matter to whom they must pay a reasonable attorney's fee.

WHEREFORE, Plaintiffs demand judgment against Defendant Raul Marrero, Jr. for compensatory damages, punitive damages, costs, and such other relief as this Court deems just and proper.

## **Jury Demand**

Pursuant to Rule 38(b), Plaintiffs hereby demand a trial by jury on all issues set forth herein which are so triable.

Dated: November 22, 2024

*/s/ James M. Slater\**
James M. Slater (FBN 111779)
Slater Legal PLLC
2296 Henderson Mill Rd. NE #116
Atlanta, Georgia 30345
Tel. (305) 523-9023
james@slater.legal

*\*Lead Counsel for Plaintiffs*