IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURA HIMES-RUETH,
DIANE VALENTIN, and
TRACEY ROBERTS,

    Plaintiff,

v.                                    CASE NO.: 8:24-cv-2736-VMC-LSG

RAUL MARRERO, JR.,

    Defendant(s).
_____/

## DEFENDANT RAUL MARRERO, JR.'S  ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, RAUL MARRERO, Jr., hereby responds to the Plaintiff's Complaint as follows:

1. Admitted for jurisdictional purposes only.

2. Admitted for jurisdictional purposes only.

3. Admitted for jurisdictional purposes only.

4. Without knowledge, therefore denied.

5. Without knowledge therefore denied.

6. Without knowledge therefore denied.

7. Without knowledge therefore denied.

8. Admitted.

9. Admitted that Defendant was a probation officer. Otherwise, denied.

10. Admitted.

11. Without knowledge therefore denied.

12. There is no Paragraph 12 in the Complaint. To the extent that a response is required, denied.

13. There is no Paragraph 13 in the Complaint. To the extent that a response is required, denied.

14. There is no Paragraph 14 in the Complaint. To the extent that a response is required, denied.

15. There is no Paragraph 15 in the Complaint. To the extent that a response is required, denied.

16. There is no Paragraph 16 in the Complaint. To the extent that a response is required, denied.

17. There is no Paragraph 17 in the Complaint. To the extent that a response is required, denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Without knowledge, therefore denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Without knowledge, therefore denied.

34. Without knowledge, therefore denied.

35. Admitted that Defendant plead no contest to criminal charges and was incarcerated. Otherwise, denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## **<u>AFFIRMATIVE DEFENSES</u>**

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs have failed to exhaust their administrative remedies, formal, informal, statutory or otherwise, and this action should be dismissed.

3. Plaintiffs have failed to satisfy all conditions precedent including but not limited to failure to exhaust internal remedies, remedies under the Prison Litigation Reform Act, failure to provide pre-suit notice required by F.S. 768.28, and failure to provide proper timely notice.

4. Plaintiffs' claims are barred by the applicable Statute of Limitations.

5. Plaintiffs' Complaint exceeds the scope of any administrative charge or claim.

6. Plaintiffs have failed to mitigate any damages or have suffered no damages.

7. Any action or inaction of Defendant was not the proximate cause of Plaintiffs' alleged damages.

8. The actions taken by Defendant were done with probable cause and in compliance with applicable rules and regulations.

9. Defendant had a good faith basis for his actions.

10. Plaintiffs' claims are barred by the doctrine of sovereign immunity and/or Eleventh Amendment immunity.

11. Defendant is entitled to a set-off for any amounts received or to be received from any collateral source.

12. The claims against Defendant should be barred because he did not act in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard or human rights or safety.

13. The claims against Defendant should be barred based upon the principle of qualified immunity as his actions were part of his discretionary authority, did not violate clearly established statutory or constitutional rights that a reasonable person would have known, nor were said actions deliberately indifferent.

14. Defendant is entitled to the limitations of liability contained within Florida and Federal law including but limited to 42 U.S.C. 1981.  Any verdict or judgment against Defendant should be limited accordingly.

DATED this 16th day of January, 2025.

>THOMPSON, CRAWFORD,
>BROWN & SMILEY, P.A.
>
>/s/ Mallory B. Brown
>_____
>
>THOMAS R. THOMPSON, ESQUIRE
>Florida Bar No. 890596
>tom@tcslawfirm.net
>MALLORY B. BROWN, ESQUIRE
>Florida Bar No. 124039
>mallory@tcslawfirm.net
>victoria@tcslawfirm.net
>1330 Thomasville Road
>Tallahassee, FL 32303
>(850) 386-5777
>ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I HEREBY certify that a true and correct copy of the foregoing has been sent by Electronic Filing through CMECF to James M. Slater, Esq., at james@slater.legal.com, this 16th day of January, 2025.

>/s/ Mallory B. Brown
>_____
>Mallory B. Brown, Esq.